Brady, J.—This
is an action in equity to restrain the defendant, a corporation organized under the laws of the state of Connecticut, and doing business in this city, from publishing a weekly paper called “Bradstreets,” as ultra Tires.
The action is brought by plaintiff as stockholder of the -defendant who alleges in his complaint that the unlawful and unauthorized publication of the newspaper mentioned ■diverts the funds and resources of the corporation from its lawful and authorized business, and thereby imperils the value of his stock. The motion of the defendant is to strike out, as irrelevant the first, second, third, fourth and ■eighth paragraphs of the complaint.
The first, second, third and fourth allegations contained what may be regarded as a history of the origin of a mercantile agency, its continuance and organization under an act of the legislature, and .the eighth contains a statement of what its business is in fact, and to a certain extent the manner in which it is conducted.
It cannot be said that -these allegations are not germane to the subject and they appear to be contemplated by the provisions of section 519 of the Code, which declares that the allegations of a pleading must be liberally construed with a view to substantial justice between the parties. It may be that the consideration of this case would involve to *261 some extent, if not entirely, the defendant’s Origin and therefore its history.
A motion of such a character as that made by the appellant is addressed to the discretion of the court; and although an appeal was not formerly allowed from a decision upon such a motion, the discretionary character of the decision still prevails, notwithstanding the right of appeal. There are many decisions upon the question as to what is relevant and what is not. But it would not be useful whilst it would render the opinion prolix to make reference to them in detail.
It is enough to say that the case of Essex v. N. Y.and C.R. R. Company (8 Hun, 361) presents the proper view to be taken on such an application as now under consideration.
The court, in delivering the opinion in that case said: “Irrelevant and redundant allegations hurt no one. It is not, therefore, a right to have them stricken out. The court should exercise a discretion. It might reasonably strike out matter which is plainly and on first glance seen to be impertinent; but it should use this power with reluctance and caution. There is little benefit from motions of this kind and there may be much harm. Immaterial evidence can always be rejected at the trial. It is best that the plaintiff have great latitude in setting forth in his complaint whatever in good faith he thinks may be important especially in cases like this where the relief demanded is of an equitable character. ”
Adopting these views, we think the order herein was proper, and should be affirmed, with ten dollars costs and disbursements.
Van Brunt, P. J.? and Danels, J., concur.